Callis *v.* Cogbill.

HENRY CALLIS *et al v.* LUCY COGBILL.

EJECTMENT. *Eviction. Warranty.* In ejectment, although the covenant of warranty is not broken without eviction by paramount title, yet eviction by judgment, by law is not necessary, the warrantee may voluntarily yield possession to him who had a better title and claim for a breach of the covenant. But in such case the party does so at his peril, and in a suit against the warrantor the burden of proof is upon plaintiff to show the paramount title. A judgment against him of paramount title would be conclusive on the warrantor.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

L. B. McFarland for Callis.

Craft and Cooper for Cogbill.

Freeman, J., delivered the opinion of the court.

This action is on a covenant of warranty in a deed for a small tract of land. It was tried by the judge of the Circuit Court without a jury, and judgment given for defendant.

The main question in the case is, whether there is shown such an eviction, either actual or constructive, as entitles plaintiffs to recover. On the question o actual eviction, the court, we assume, found the proof did not make out the fact—while we might possibly have found differently, there is proof on which such a finding may well be sustained. The judgment cannot, therefore, be disturbed on that question. It is, however, insisted that there has been an abandonment of the possession in obedience to the demand of the party having the superior title,. and that a party having a warranty of title may well do this, and is not bound to go into a fruitless and expensive litigation in order to a technical eviction to entitle him to sue on his covenant—authorities clearly sustain this reasonable rule. It has been held—in numerous cases—"although the covenant of warranty is not broken without eviction by paramount title, yet eviction by judgment at law is not necessary; the tenant may voluntarily yield the possession to him who has a better title, and claim for a breach of the covenant": Wait's Act. and Def., vol. 2, 389, citing *Hamilton* v. *Cutts,*

4 Mass., 349; 5 Clark, Iowa; 4 Hill, 643; 20 Texas, 673; 33 New Jersey L., 328.    This is conceded by counsel of defendant in the brief.    But it is maintained in such a case, the party does so at his peril, and in a suit against the warrantor the burden of proof lies upon the plaintiff to show the parmount title.    The authorities sustain this principle: See Wait, *Id.*, and cases cited.    The rule is founded on the sound principle that the vendor having himself parted with the possession and put his vendee in his place, he is bound to his warrantor, in good faith, to retain that possession, which may ripen into a perfect title, except as against a paramount title shown to exist, and if he surrenders the possession, he must be prepared to justify such surrender, by clearly making out the fact authorizing his act.    While the general rule requiring an eviction has always been held in Tennessee, the principle has been extended in accord with the above rules to implied or legal evictions, and is not confined to literal and actual dispossession.    The discharge by payment of an encumbrance, as a judgment, a lien on the land, was said to be equivalent to an eviction *pro tanto*, in the case of *Stipe* v. *Stipe*, 2 Head, 171, and the principle so stated, has been adjudged sufficient since then in several cases by this court: See *Kinney* v. *Norton*, 10 Heis., 388.    So also in a case where the vendee purchases in a better outstanding title, he is entitled, under this covenant, to be re-imbursed the sum paid for it: See *Austin* v. *McKinney*, 5 Lea, 499.

These cases clearly recognize the principle stated.

In all of them it is understood that the outstanding title, or the incumbrance, shall be made to appear as valid, subsisting and in case of an encumbrance, a ·charge that might be enforced as against the warrantee, against the purchased land.

The question then, is, have plaintiffs shown an abandonment or yielding the possession, in obedience to a paramount title? We think the abandonment is satisfactorily made out. The superior title depends on whether a decree in the case of *Melon* v. *Lucinda Cogbill et al.*, in the chancery court of Shelby county, rendered the 13th of April, 1874, is held conclusive of the title, and an estoppel on defendant. She was defendant in that case, and title paramount was asserted and claimed in that case, as against the title of her husband, the warrantor, in this case, she holding under him and by virtue of his title. She was his widow, he having died leaving no children. It was filed against the widow, and unknown heirs of the deceased husband. It adjudges · distinctly and clearly the title of complainant Melon to be paramount to said widow and heirs, claiming under the title of the warrantor, as widow and heirs. No writ of possession, however, was ordered, and no possession was actually given under this decree.

We think this decree, under the principles of the. decisions cited, should be held conclusive on the defendant as to the paramount character of the title thus asserted and decreed. If the party may pay off a judgment against his warrantor, that is a lien on the land, and thus make out an eviction *pro tanto,* it can

Callis *v.* Cogbill.

only be on the principle that the judgment is held conclusive as against the warrantor. It certainly is not necessary to go behind this, and show that it was obtained on a proper existent liability of the warrantor justifying its rendition. If this be correct, it is not seen how the principle can be different, where the judgment or decree is either against the warrantor or against his privies in blood, having his title by descent and standing in his shoes—entitled to maintain his title. The general principle of a strict estoppel, where mutuality is required, is not the one involved here—but it is the conclusiveness of a judgment as to a fact directly in issue, where the party sought to be bound was defendant, had the means of contesting such fact, and the fact on such contest is established and adjudged against him. On this principle rests the conclusiveness of the judgment of incumbrance that may be discharged by the vendee under our cases, and such discharge treated as an eviction *pro tanto,* and we hold the principle equally sound and applicable to the case of a judgment or decree adjudging a paramount title as against the warrantor or his privies in blood or by descent, as in this case.

The other question presented does not go to the merits, and need not be considered. The result is, that the judgment of the circuit court is reversed, and judgment given here for plaintiffs.